IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01943-PAB-KLM

LYSTN, LLC, d/b/a Answers Pet Food,

    Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION,
ASSOCIATION OF AMERICAN FEED CONTROL OFFICIALS,
COLORADO DEPARTMENT OF AGRICULTURE,
KATE GREENBERG, individually, and officially in her capacity as Commissioner of the Colorado Department of Agriculture,
LAUREL HAMLING, individually, and officially in her capacity as Feed Program Administrator for the Colorado Department of Agriculture,
SCOTT ZIEHR, individually, and officially in his capacity as Feed Program Regulatory Administrator for the Colorado Department of Agriculture, and
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Application for a Temporary Restraining Order and/or Preliminary Injunction [Docket No. 104]. On July 5, 2019, plaintiff, a raw pet food manufacturer, filed a lawsuit against defendants alleging that the Food and Drug Administration ("FDA"), through the Colorado Department of Agriculture ("CDA") and the Association of American Feed Control Officials ("AAFCO"), had created an *ultra vires* regulatory rule governing the proper procedure to address *Salmonella* found in pet foods without going through the requisite formal rule-making process. Docket No. 1 at 31-32.

On November 12, 2019, plaintiff filed the instant motion. Docket No. 104.

Plaintiff alleges that the AAFCO has prohibited plaintiff and "everyone associated with the natural pet food industry and/or sympathetic to [p]laintiff's plight" from accessing AAFCO materials. *Id.* at 2. Specifically, the AAFCO's executive director emailed plaintiff and notified it that its access to all AAFCO resources, including access to AAFCO meetings, would be restricted pending resolution of the underlying lawsuit. *Id.* at 6. Plaintiff claims that, in doing so, the AAFCO – and the FDA – are in violation of the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2 §§ 1-16, which requires that advisory committees, like AAFCO, "be fairly balanced in terms of the points of view represented and the functions to be performed." 5 U.S.C. app. 2 § 5(b)(2); Docket No. 104 at 1, 8. Plaintiff seeks either a temporary restraining order or a preliminary injunction (1) "[r]equiring [d]efendants to comply with Section 10 of FACA – opening their meetings and committees to the public"; and (2) "[r]equiring [d]efendants to comply with the non-discretionary duties of Section 5 of FACA to ensure fair, balanced, and equal representation of ALL pet food manufacturers and their positions, including, but not limited to, natural pet food manufacturers and their trade groups." Docket No. 104 at 14. Plaintiff also seeks a declaratory judgment "[d]eclaring [d]efendants in violation of 5 U.S.C. [app. §§ 5, 10]." *Id.*

To obtain a temporary restraining order or a preliminary injunction, "the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). A mandatory injunction – "one which requires the nonmoving party to

take affirmative action – is 'an extraordinary remedy' and is generally disfavored." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009)). Accordingly, "a movant seeking such an injunction [must] make a heightened showing of the four factors." *RoDa Drilling*, 552 F.3d at 1209.

Moreover, the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Id.* (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); see also *Ala. v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008); see also *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that the moving party must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief.").

In its motion, plaintiff seeks an order requiring the AAFCO to "comply with" FACA – in other words, requiring the AAFCO to reinstate plaintiff's access to AAFCO materials and meetings. Docket No. 104 at 14. But plaintiff's complaint does not raise a claim under FACA and, furthermore, contains no allegations relevant to the relief plaintiff seeks in its injunctive relief motion. Because plaintiff does not seek the "grant [of] intermediate relief of the same character as that which may be granted finally," *De*

*Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), the Court cannot enter injunctive relief here. *See Stewart v. U.S. I.N.S.*, 762 F.2d 193, 199 (2d Cir. 1985) (affirming district court's denial of preliminary injunctive relief where the movant's "motion for preliminary injunctive relief . . . present[ed] issues which [were] entirely different from those which were alleged in [the] original complaint" and where movant "neither filed a separate complaint in the district court relating to [the new allegations] . . . nor sought to avail himself of the liberal rules which would have allowed for the amendment of his original . . . complaint" because "no jurisdictional basis existed upon which the district court . . . could have issued its preliminary injunctive relief."). Indeed, plaintiff cannot demonstrate a likelihood of success on the merits – as required for the issuance of a temporary restraining order or a preliminary injunction – where the merits claims are unrelated to the relief sought in the injunctive relief motion. *See Alley v. Aurora Loan Servs. LLC*, No. 10-cv-02163-REB-CBS, 2011 WL 3799035, at *14 (D. Colo. July 21, 2011), *report and recommendation adopted*, 2011 WL 3799585 ("[T]o obtain preliminary injunctive relief, the moving party bears the burden of establishing, a[m]ong other elements, that he or she has a likelihood of success on the merits *of the underlying claims*.") (emphasis added); *cf. Army Corps of Engineers*, 424 F.3d at 1134 ("Granting a preliminary injunction based on a showing that the plaintiffs were likely to succeed in establishing a violation of an ancillary court order, rather than a showing that they were likely to succeed on the merits of any of their claims, was a misapplication of the legal standard for likelihood of success on the merits, and thus an abuse of discretion.").

Plaintiff acknowledges that the relief it now seeks is not of the same character as the relief it seeks in its underlying complaint. Docket No. 104 at 1 n.1. However, plaintiff "respectfully requests the claims contained within this Motion, for purposes of this Motion, be grafted into Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 15(d) pending formal Amendment thereunder after the Court has determined the outstanding dispositive motions." *Id.*

Rule 15(d) of the Federal Rules of Civil Procedure provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff has cited no authority in support of its request for "grafting" plaintiff's new allegations into its complaint for purposes of this motion. Moreover, plaintiff has not filed a motion seeking such relief, as required by Rule 15(d), *see* D.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document."), and has not argued that just cause exists for granting such relief.[1]

Because plaintiff's motion for injunctive relief is not reasonably related to, and seeks relief that is wholly separate from, the relief sought in its complaint, the motion will be denied. Wherefore, it is

**ORDERED** that Plaintiff's Application for a Temporary Restraining Order and/or

---

[1]Similarly, the Court will not construe plaintiff's motion as a motion to amend the complaint. Aside from amendments as a matter of course, party can amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has not indicated that it has defendants' consent to amend its complaint and has not sought the Court's leave to amend. *See* Docket No. 104 at 1 n.1 (indicating the potential for "formal Amendment" at a later date).

Preliminary Injunction [Docket No. 104] is **DENIED**.

DATED November 14, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge