IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01943-PAB-KLM

LYSTN, LLC, d/b/a Answers™ Pet Food,

     Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION,
ASSOCIATION OF AMERICAN FEED CONTROL OFFICIALS,
COLORADO DEPARTMENT OF AGRICULTURE,
KATE GREENBERG, individually, and officially in her capacity as Commissioner of the
Colorado Department of Agriculture,
LAUREL HAMLING, individually, and officially in her capacity as Feed Program
Administrator for the Colorado Department of Agriculture,
SCOTT ZIEHR, individually, and officially in his capacity as Feed Program Regulatory
Administrator for the Colorado Department of Agriculture, and
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

     Defendants.

---

## ORDER

---

     This matter is before the Court on the Motion for Reconsideration Pursuant to

F.R.C.P. 59(e) [Docket No. 125] filed by Lystn, LLC ("Lystn" or "plaintiff"); the Motion for

Oral Argumnent [sic] [Docket No. 126] filed by Lystn; the Motion for Reconsideration

Pursuant to Rule 59E or in the Alternative Amicus Curiae Brief of Next Generation Pet

Food Manufacturers Association [Docket No. 129] filed by the Next Generation Pet

Food Manufacturers Association ("Next Generation"); the Motion for Reconsideration

Pursuant to F.R.C. P. 59(e) [Docket No. 130] filed by the Weston A. Price Foundation

("the Foundation"), and the Motion to Set Aside Awarded Costs [Docket No. 131] filed

by Lystn.

## I.  BACKGROUND

On July 5, 2019, plaintiff filed a complaint against the Food and Drug

Administration ("FDA"), the Association of American Feed Control Officials ("AAFCO"),

the Colorado Department of Agriculture ("CDA"), three individuals employed with the

CDA, and the United States Department of Health and Human Services ("DHHS").

Docket No. 1.  Plaintiff's complaint did not set out specific claims against defendants.

*See id.* at 33.  Generally, plaintiff sought a declaratory judgment that plaintiff was

denied its due process rights as a result of the FDA's promulgation of non-binding

guidance concerning allowable amounts of *Salmonella* in pet foods.  *Id.* at 34.  Plaintiff

sought to enjoin defendants from reintroducing similar compliance policy guides, from

circumventing the Administrative Procedures Act, and from "creating artificial, false,

and misleading appearances with respect to raw pet food products, safety, security,

commodity, and currency (including removal of such from existing federal government

websites and other means of publications)."  *Id.*

On January 16, 2020, the Court entered an order dismissing plaintiff's complaint

for lack of subject-matter jurisdiction.  Docket No. 121.  The Court found that it had no

subject-matter jurisdiction over the claims against the federal defendants[1] because

plaintiff sought review of a non-final agency action.  *Id.* at 13-14.  The Court determined

---

[1] "Federal defendants" refers to the Food and Drug Administration and the
United States Department of Health and Human Services.

that it lacked subject-matter jurisdiction over the claims against the state defendants[2] and the AAFCO because those claims did not arise under federal law.  *Id.* at 14, 17-19. The Court also denied plaintiff's motion to amend its complaint.  *Id.* at 26-28.[3]  Plaintiff sought to amend its complaint to add a claim that was "distinct from and unrelated to" the claim asserted in the original complaint.  *Id.* at 27.  The Court found that allowing such amendment would prejudice defendants, who had all fully briefed meritorious motions to dismiss.  *Id.* at 27-28.  The Court denied the motions to intervene as moot. *Id.* at 29.

On February 6, 2020, plaintiff filed a motion to reconsider.  Docket No. 125.  On February 13, 2020, the Next Generation Pet Food Manufacturers Association, Inc. and the Weston A. Price Foundation, as amici, also filed motions for reconsideration.  *See* Docket Nos. 129, 130.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980)

---

[2] "State defendants" refers to the CDA and to the three individual defendants, who are CDA employees.

[3] The Court also found that plaintiff had violated D.C.COLO.LCivR 7.1(a) by failing to confer with defendants before filing its motion to amend, which would have been an independent basis to deny the motion.  Docket No. 121 at 26.

(citing Fed. R. Civ. P. 54(b)).  A motion to reconsider may be construed as a motion to amend or alter the judgment under Fed. R. Civ. P. 59(e) or as a motion seeking relief from judgment under Fed. R. Civ. P. 60(b).  *Van Skiver v. United States*, 952 F.2d 1241,1243 (10th Cir. 1991).  A motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e).  *Id.*; *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

 A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.* Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *Green v. Fishbone Safety Sols., Ltd.*, 303 F. Supp. 3d 1086, 1091-92 (D. Colo. 2018).

## III.  ANALYSIS

### A.  Motions to Reconsider

#### 1.  *Duty to Confer*

The District of Colorado's Local Rules provide that, "[b]efore filing a motion,

counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." D.C.COLO.LCivR 7.1(a).  A party is not required to confer before filing a motion to dismiss under Rule 12(b).  D.C.COLO.LCivR7.1(b)(2).  In each of the three responses to plaintiff's motion to reconsider, defendants state that plaintiff failed to confer with them before filing its motion.  *See* Docket No. 133 at 2; Docket No. 134 at 2; and Docket No. 136 at 1.  In its reply, plaintiff states that, because its motion for reconsideration is related to the Court's dismissal of plaintiff's claims pursuant to Rule 12(b)(6), the motion for reconsideration was "believed to be within the exception found at D.C.COLO.LCivR 7.1(b)."  Docket No. 143 at 1 n.1.  Plaintiff also represents that, "[r]egardless, Plaintiff did reach out to Defendants to meet and confer prior to the subject motions and were refused."  *Id.*

On March 16, 2020, the federal defendants filed a surreply[4] on behalf of themselves, the state defendants, and the AAFCO.  Docket No. 148 at 2 n.1.  The federal defendants stated that, "[t]o the extent that Plaintiff is representing to the Court in [its reply] that Plaintiff's counsel contacted counsel for Defendants to discuss Plaintiff's intent to file a motion for reconsideration and a motion for oral argument, no defense counsel has any record of any such attempt at conferral by Plaintiff's counsel

---

[4] On March 16, 2020, the Court granted the federal defendants leave to file a surreply.  Docket No. 147.

with respect to either motion."  Docket No.  148 at 2.  "[T]he first time any defense counsel learned of Plaintiff's motions for reconsideration and oral argument was when they were filed."  *Id.*

First, the Court finds that a motion for reconsideration does not fall under the Rule 7.1(b) conferral exception.  "Rule 7.1A clearly applies to motions to reconsider, for these motions do not arise under Rule 12 or Rule 56 of the Federal Rules of Civil Procedure."  *Supreme Auto Transport v. Athena Assur. Co.*, No. 04-cv-02323-EWN-PAC, 2006 WL 1149148, at *2 (D. Colo. Apr. 28, 2006).  In addition, the Court finds that plaintiff has affirmatively misrepresented its compliance with Rule 7.1(a) to the Court.  Each defendant has represented that plaintiff did not meet its conferral requirements and that defendants learned of plaintiff's motion for reconsideration when it was filed.  Docket No. 148 at 2.  The Court finds no reason to doubt defendants' representations, as the Court has previously found that plaintiff "may have misrepresented what happened in connection with [its] attempted conferral."  Docket No. 121 at 25-26.  Plaintiff has provided no reason why the Court should disbelieve defendants' representations, as it has submitted no documentation showing its supposed conferral with defendants and did not "describe . . . the specific efforts to fulfill this duty" as required by Rule 7.1(a).  *See* Docket No. 143.  Moreover, if plaintiff had in fact conferred with defendants, it would have been unnecessary for plaintiff to argue that it was "believed" that conferral was not necessary under D.C.COLO.LCivR 7.1(b).  The Court finds that plaintiff violated Rule 7.1(a) and made a misrepresentation to the Court in its reply [Docket No. 143].

6

A violation of Rule 7.1(a) is a sufficient basis to deny a motion.  *See Ballard v. Tritos, Inc.*, No. 10-cv-02757-PAB-KMT, 2010 WL 5559544, at \*1 (D. Colo. Dec. 30, 2010) (stating that Rule 7.1(a) "mandates that the Court not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless" counsel has conferred with the opposing party).  However, the Court need not rely solely on Rule 7.1(a) to deny plaintiff's motion, as it also fails on the merits.  *See Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at \*5 (D. Colo. Sept. 28, 2008).

## 2.  *Merits*

Plaintiff does not identify the bases of its motion to reconsider.  Contrary to plaintiff's contention in its reply that it need not identify the standard under which it brings its motion because the Court "will 'know it when it sees it,'" Docket No. 143 at 2, plaintiff's failure to identify the specific bases for reconsideration makes it difficult to ascertain plaintiff's arguments.  In its reply, plaintiff attempts to cobble together arguments by referencing various unrelated portions of its motion.  *See id.* at 4.  The Court construes plaintiff's motion for reconsideration as arguing that (1) two executive orders issued on October 9, 2019 constitute newly discovered evidence warranting reconsideration, *see* Docket No. 125 at 1; (2) the Court made a mistake of material fact when it stated that certain allegations in plaintiff's complaint pertained to conduct performed by the state of Nebraska rather than any defendant , *see id.* at 9; (3) the Court erred when it did not consider documents attached to plaintiff's response in opposition to the motions to dismiss, *see id.* at 3; and (4) the Court erred when it

dismissed plaintiff's claims with prejudice.  *See id.* at 1 n.1.[5]

Plaintiff contends that the issuance of two executive orders on October 9, 2019

constitute "new evidence" warranting reconsideration.  *Id.* at 1; *see also* Docket No.

143 at 2 (classifying these executive orders as "newly discovered, highly relevant

evidence").  Plaintiff claims that Executive Orders 13891 and 13892[6] were issued

"unbeknown to Plaintiff," but not unbeknownst to the federal defendants, who had

notice of these orders and failed to bring them to the attention of plaintiff or the Court.

*Id.* at 1-2.  Plaintiff claims that, pursuant to these orders, "Defendants . . . are now

required to correct material assertions to the Court by acknowledging the [Animal Feed

Regulatory Program Standards ("AFRPS")] as the Final Agency Action that it is,

acceding to the Court's review thereof."  Docket No. 125 at 6 n.10.

There are several problems with plaintiff's argument.  First, the Court finds that

---

[5] In its reply, plaintiff attempts to assert an argument that the Court erred when it denied plaintiff's motion to amend its complaint.  Docket No. 143 at 4, 5-7.  However, plaintiff makes no such argument in its motion to reconsider.  *See generally* Docket No. 125.  At best, plaintiff "requests this Court GRANT Reconsideration of its Order and Determination(s) of January 16, 2020 (Doc. No. 121), allowing Plaintiff to amend its complaint consistent herewith," *id.* at 15; *see also id.* at 3 n.4 ("The Court denied amendment and also discovery due to Plaintiff submitting over 2,600 pages of documentation.  Plaintiff respectfully argues the Court should consider the evidence contained within these documents."), but plaintiff makes no specific argument that there is a legal basis to reconsider the Court's denial of plaintiff's motion to amend.  An argument may not be made for the first time in a reply.  *See Tran v. Trustees of State Colleges in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

[6] These executive orders are titled Promoting the Rule of Law Through Improved Agency Guidance Documents and Promoting the Rule of Law Through Transparency and Fairness in Civil Administrative Enforcement and Adjudication, respectively, and relate to executive agency rule-making policies and procedures.

plaintiff's argument is more properly characterized as an argument that new legal authority, rather than new evidence, exists that could call into question the Court's order. But plaintiff has not argued that the Court's order conflicts with the executive orders or is somehow rendered incorrect by the executive orders. *See* Docket Nos. 125 and 143. The Executive Orders do not address what constitutes final agency action and do not call into question any of the case law that the Court relied upon in issuing its order. Thus, the Court finds that the Executive Orders do not constitute new legal authority warranting reconsideration.

Even if the Court were to take plaintiff's argument at face value that the executive orders constitute evidence, plaintiff's argument still fails. While plaintiff argues that these executive orders were issued "unbeknown to" it, it does not allege that this purported evidence was unavailable to plaintiff until after the Court's order was entered. "With regard to new evidence that was previously unavailable, a Rule 59(e) movant 'must show either that the evidence is newly discovered [or] *if the evidence was available at the time of the decision being challenged*, that [the movant] made a diligent yet unsuccessful effort to discover the evidence'." *Greene v. Inglewood Housing Authority*, No. 18-cv-01042-LTB 2018 WL 10373663, at *2 (D. Colo. June 4, 2018) (quoting Campbell, 962 F.2d at 1523) (emphasis added). The Executive Orders were issued three months before the Court's order. Plaintiff does not argue that, despite its diligent attempts to discover the Orders, it was unable to. And, even setting aside this oversight, plaintiff's argument that the Executive Orders demonstrate that the AFRPS constitute a final agency action fails on the merits. Plaintiff did not challenge the

9

AFRPS as final agency action in its complaint.  *See* Docket No. 1.  Instead, it argued

that the final agency action at issue was the FDA's Compliance Policy Guide ("CPG")

§ 690.800.  *See, e.g.*, Docket No. 1 at 15, ¶ 45; *id.* at 29-30, ¶¶ 107-116.  It expressly

requested that the Court enter injunctive relief "suspend[ing] any pending related

enforcement actions specific to the application of this Compliance Policy Guide" and

"[prohibiting] Defendants from reintroducing similar Compliance Policy Guides."  *Id.* at

34.  And because the complaint focused solely on the CPG, so did the Court's order.

*See* Docket No. 121 at 9-12.  Thus, even if plaintiff is correct that the Executive Orders

had some effect on interpretation of the AFRPS, such effect would have no bearing on

the Court's order.  Plaintiff cannot make its complaint a moving target to "salvage a lost

case by untimely suggestion of new theories of recovery."  *Minter v. Prime Equipment

Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

  In addition, plaintiff argues that the Court misapprehended the facts when it

stated in its order that, "while plaintiff claims that 'the FDA enlisted the CDA to pull

product from shelves to be tested by [its] state laboratory and slandered the Plaintiff's

products,' the example it gives of such action is conduct performed by the state of

Nebraska, not the CDA or AAFCO."  Docket No. 125 at 9 (quoting Docket No. 121 at

12).  Plaintiff argues that "[t]his all started with the FDA's 2016 Warning Letter based

on Plaintiff's product pulled off the shelf in Colorado in 2015."  Docket No. 125 at 9.

But plaintiff's complaint makes no mention of a warning letter.  *See* Docket No. 1.[7]

---

[7] The only mention of a "warning" was the FDA's "Public Warning Notice for A+ ANSWERS™ Straight Beef Formula for Dogs," which, according to plaintiff, "concern[ed] the [product sampled] by Nebraska."  Docket No. 1 at 25, ¶ 90.

Given plaintiff's admission that this supposed warning letter was issued in 2016, before it filed its complaint and briefed the motions to dismiss, this letter cannot be the grounds for reconsideration of the Court's order based on new evidence.[8]  "Where a party seeks Rule 59(e) relief to submit additional evidence, 'the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.'" *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (alteration marks in original)). Moreover, the passage plaintiff cites was simply an example the Court used to demonstrate that plaintiff had failed to plausibly plead its "shadow regulation" theory. *See* Docket No. 121 at 12.  The Court went on to say that, "[e]ven if plaintiff had set forth sufficient facts to plausibly support the existence of 'shadow regulation,' the FDA's alleged act – through itself or through another entity – of either collecting or inducing another entity to collect samples from plaintiff's pet food does not allege final agency action."  *Id.* at 13.  Thus, even if the Court had not invoked plaintiff's allegations concerning the state of Nebraska's conduct, the Court still would have reached its

---

[8] The state and federal defendants have brought the Court's attention to the fact that plaintiff has copied substantial portions of its motion for reconsideration from a student law review note without attribution.  See Docket No. 125 at 7-9, 13; *see also* Rebecca Boxhorn, *FDA Goes Loko with Warning Letters*, 12 Minn. J. L. Sci. & Tech. 749, 761, 765-67 (2011).  "Although reliance upon precedent forms the bedrock of legal argument, 'citation to authority is absolutely required when language is borrowed.'" *Venesevich v. Leonard*, 2008 WL 5340162, at *2 n.2 (M.D. Pa. Dec. 19, 2008) (quoting *United States v. Bowen*, 194 F. App'x 393, 402 n.3 (6th Cir. 2006) (unpublished) (emphasis omitted)).

conclusion that it lacked subject-matter jurisdiction over plaintiff's claims. The Court finds that this is not a valid basis for reconsideration.

Next, plaintiff contends that the Court erred when it did not consider documents attached to plaintiff's response in opposition to the motions to dismiss. Docket No. 125 at 3. Plaintiff challenges the Court's finding that plaintiff's factual allegations were conclusory and contends that the Court "fail[ed] to consider the numerous documents that Plaintiff . . . provided which demonstrate, unquestionably, [the allegations'] actual truth." *Id.* But as set out above, the Court's conclusion that plaintiff's allegations were conclusory was not the sole basis for the Court's order. *See* Docket No. 121 at 13. Moreover, plaintiff's argument that the Court failed to consider certain additional facts in ruling on defendants' motion to dismiss is based on facts establishing the FDA's "enforcement of AFRPS as against Plaintiff in 2015." Docket No. 125 at 3-6. But, as already explained, the AFRPS was not at issue in plaintiff's complaint, was not a subject of the Court's order, and cannot be a basis to revisit the Court's order. *See* Docket No. 1. Plaintiff's argument is without merit.

Finally, plaintiff argues that the Court erred in dismissing its claims with prejudice. Docket No. 125 at 1 n.1; Docket No. 143 at 7. The Court agrees that it was error to dismiss plaintiff's claims with prejudice. "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Accordingly, the Court will amend its order [Docket No. 121] to dismiss

plaintiff's claims without prejudice.  This amendment will have no impact on defendants'

submission of costs or the Clerk of Court's award of costs [Docket No. 128].

### 3.   The Other Motions for Reconsideration

The Foundation and Next Generation, whose motions to intervene were denied

as moot, have filed motions to reconsider.  Docket No. 130; Docket No. 129.  The

Foundation does not challenge the denial of its motion to intervene.  *See generally id.*

Instead, it "urges the Court to reconsider and amend its judgment to conclude that the

Court has jurisdiction over the federal Defendants, based on the fact that CPG

§ 690.800 constitutes final agency action."  *Id.* at 9.  Similarly, Next Generation does

not challenge the Court's denial of its motion to intervene as moot, instead choosing to

raise additional factual allegations.  *See generally* Docket No. 129.

Next Generation and the Foundation cite no authority indicating that they, as

non-parties, have standing to file motions for reconsideration challenging the Court's

dismissal of plaintiff's claims for lack of jurisdiction.  *See id.*; *see also generally* Docket

No. 130.  Courts have routinely held that non-parties cannot bring motions to

reconsider under Rule 59(e).  *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184

F.R.D. 506, 511 (S.D.N.Y. 1999) ("Genins, having been denied intervention, has no

standing to bring a Rule 59(e) motion."); *In re Lease Oil Antitrust Litig. (No. II)*, 2008 WL

356505, at *2 (S.D. Tex. Jan. 30, 2008) ("For the [non-party] to file a Rule 59 motion,

this Court would have to grant their Rule 24(a) motion to intervene") (quotation

omitted); *Scutieri v. Estate of Revitz*, 829 F. Supp. 387, 390 (S.D. Fla. 1993) (noting

that Rule 59(e) applies only to parties).  Given that the Court has broad discretion in

considering its prior orders, *see Irvine v. I.C. Sys., Inc*., 198 F. Supp. 3d 1232, 1237 (D. Colo. 2016), the Court declines to exercise this discretion to consider Next Generation's or the Foundations' motions for consideration.  The Court will deny these motions.[9]

### B.  Motion to Set Aside Costs

On February 22, 2020, plaintiff filed a Motion to Set Aside Awarded Costs [Docket No. 131] seeking to set aside the costs awarded to defendant Colorado Department of Agriculture.  Docket No. 131 at 1.  A motion to set aside costs must be made within seven days of the clerk's issuance of costs.  Fed. R. Civ. P. 54(d)(1).  "[A] party's failure to file a motion for review of costs with the district court within the [seven-day] period constitutes a waiver of the right to challenge the award."  *Bloomer v. United Parcel Service*, 337 F.3d 1220, 1221 (10th Cir. 2003).  On February 11, 2020, the Clerk of Court taxed $775.86 in costs against plaintiff and in favor of the Colorado Department of Agriculture.  Docket No. 128.  Plaintiff filed the motion to set aside costs on February 22, 2020, four days after the Rule 54 deadline.  *See* Docket No. 131.

Plaintiff admits that its motion is untimely under Rule 54(d).  Docket No. 150 at 1. Counsel states that he was "[s]ick at home with a bona-fide case of the flu" and that "the priority was on preparing and filing the motion for reconsideration and oral argument sub-judice."  *Id.*  Plaintiff argues that its untimeliness "is not fatal to Plaintiff's

---

[9] Even if the Court did consider the motions on their merits, the motions would still be denied, as neither motion argues that new evidence or legal authority has emerged that would call into question the Court's order dismissing plaintiff's claims, as required in a Rule 59(e) motion.  *See* Docket No. 129; Docket No. 130; *see also Phelps*, 122 F.3d at 1324.

motion as Rule 54 is not jurisdictional and the subject award remains reviewable de novo at the Court's discretion." *Id.*

While the Tenth Circuit has stated that a court has discretion to consider an untimely motion, *see Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013), the Court declines to exercise such discretion here, for several reasons. First, plaintiff did not file a motion for an extension of time to set aside costs, a motion which would have taken minimal time and effort to draft and file. Moreover, the Court is skeptical of counsel's excuse for filing the motion out of time. He states that he was ill and that the priority was preparing and filing plaintiff's motion for reconsideration and motion for oral argument. *See* Docket No. 151 at 1. However, these "priority" motions were filed on February 6, 2020, *see* Docket Nos. 125 and 126, several days before the Clerk of Court taxed costs against plaintiff. *See* Docket No. 128. It is unclear how placing priority on the motions for reconsideration and oral argument could have prevented plaintiff's timely filing of the motion to set aside costs, as the "priority" motions were filed before the opportunity to file the motion to set aside costs even arose.[10]

Moreover, the Court finds that plaintiff has – once again – violated the conferral requirements of Rule 7.1(a). In its motion to set aside costs, plaintiff states that "[t]he parties conferred prior, the CDA plainly opposes this motion," but does not explain the

---

[10] Any argument made by plaintiff that the priority was on responding to defendants' responses to the motion to reconsider and for oral argument would be without merit, as defendants' responses to those motions were filed five days after the motion to reconsider costs. *See* Docket Nos. 134, 135, 136.

specific efforts it took to fulfill its duty to confer as required by Rule 7.1(a).  Docket No. 131 at 1 n.1.  The state defendants respond that "[t]he only conferral to occur regarding the costs at issue here was the State Defendants' required conferral with Lystn prior to [filing] the State Defendants' bill of costs.  Lystn's counsel made no attempt to confer or even to inform the State Defendants that it would be filing its motion."  Docket No. 145 at 1-2.  Plaintiff does not dispute these allegations, but instead "notes that there are numerous emails between the parties relative to this subject wherein the CDA refuses to back off the materially false assertion that the subject transcripts were 'necessarily obtained for use in the case.'"  Docket No. 150 at 1.

"[T]o satisfy the requirements of Rule 7.1A, the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate."  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003).  Plaintiff is surely aware of this precedent, as the Court cited this case in an earlier order finding that plaintiff had violated Rule 7.1(a).  *See* Docket No. 121 at 26.  Yet plaintiff does not attempt to argue that it met these conferral requirements.  Instead, it asserts that the conferral requirement is met because "there are numerous emails between the parties relative to this subject [of costs]."  Docket No. 150 at 1.  However, plaintiff does not state that these emails were sent in connection with its motion to set aside costs.  That the parties discussed the topic of costs at some point in the past does not satisfy the conferral requirement.  Because the Court finds that plaintiff violated Rule 7.1(a), the

16

Court declines to exercise its discretion to hear plaintiff's untimely motion.  *See Ballard*, 2010 WL 5559544, at *1.

### III.  CONCLUSION

For these reasons, it is

ORDERED that plaintiff's Motion for Reconsideration Pursuant to F.R.C.P. 59(e) [Docket No. 125] is **GRANTED IN PART** and **DENIED IN PART**.  It is further

ORDERED that the Motion for Reconsideration Pursuant to Rule 59E or in the Alternative Amicus Curiae Brief of Next Generation Pet Food Manufacturers Association [Docket No. 129] is **DENIED**.  It is further

ORDERED that the Foundation's Motion for Reconsideration Pursuant to F.R.C.P. 59(e) [Docket No. 130] is **DENIED**.  It is further

ORDERED that the Motion to Set Aside Awarded Costs [Docket No. 131] is **DENIED**.  It is further

ORDERED that the Motion for Oral Argumnent [sic] [Docket No. 126] is **DENIED** as moot.

DATED September 14, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

17